The Case.
Mary Godwin being possessed of several Negroes by her Will disposed of them in this manner, “ My Will is that after “ my Debts and Legacies paid my Daughter Mary Rice shall “ have the use of my whole Estate Real and Personal after she “ comes to the age of Years, during her natural Life,
“ And if my Dau’ter shall leave Heirs lawfully begotten of “ her Body, that those Heirs shall have my whole Estate &c.
She married Myres, & Myres and she by Deed Mortgaged the Negroes to the Pit. and had Issue 4. Children, and she is now married to the Deft. Langhorn and has four Children by him
The only Question is, Whether a Thing, of which the Wife has only the use may be Disposed of by the Husband, so as to bind the Wife [217] after his Death, For the Deed made by Husband and Wife, is the Deed of the Wife only during Coverture and shall not bind her after the death of her Husband, and I think the Negroes here, of which the Wife had only the use cou’d *R110 only be sold for the Life of the Husband and after his death the Wife shall be restored to the use of them
When the use of a Thing is given to one for a Certain time & after that time to another, it is agreed the first hath only the Occupation and the other the property Bro. Abr. Title Devise, Lord Hastings Case. Cro. Car. 343. Owen 33.
Now the bare Occupation without a property is a naked Possession which must follow the Person of the Wife, and vests nothing in any of her Husbands longer than the Coverture continues
-My Lord Coke upon Littleton 351. Sayes that Marriage is an Absolute Gift óf all Chattels Personal in the Wife’s own Possession in her own right Except Things in Action and Goods in Auter droit, and where the property is not vested in the Wife, And as to Personal Goods, there is a Diversity he says worthy bbservations between a property & a bare Possession, for if Goods be bailed to the Wife, or if she finds them, this bare possession is not given to the Husband, So in the Case of an Annuity Granted to a Woman for Life, if her Husband Release it, it shall not bind her after his Death, Adjudged between Thompson and Butler Moor 522. And the reason must be, that in that Case the Wife has only a right to Receive the money at the End of every Year if she shou’d live, and this Money when received belongs to the Husband
But a right to receive Money upon the Contingency of a Person living so long is a very uncertain Interest and a mere possibility which is a Thing of that nature that the Husband can have no Power to dispose of for want of an Absolute property vid. Co. Litt. 352. ut Supra.
The Case of a Trust for the Wife is much stronger than this and that is held in the Court of Chancery not to vest in the Husband
A Feme Sole Assigned her Term in Trust for herself before Marriage, the Husband alone Mortgages the Term And it was Decreed that such Mortgage was not good and Admitted by the Court to be the Constant practice since 2. Elizabeth’s time to set aside & frustrate all [218] Incumbrances and Acts done by the Husband with respect to the Wifes Term, in Trust for her, and that he cou’d neither charge nor Grant it. 1. Cha. Ca. 225. between Doyley and Peifull.
But I agree this point was otherways determined in the House *R111 oí Lords in S’r Edward Turners Case 1. Vent. 7. and so ruled Since in many others, tho’ against the Reason of the Thing upon the Lords Judgment 1. Vern. 18. 2. Vern. 270.
Yet the Reason given is, That a Trust is an Equitable Interest which the Husband may as well dispose of as a Legal Inter’st
Then there is nothing to intitle the Pit. to these Negroes unless they will derive a Right from the Deed of the Husband & Wife which I think can’t bind the Wife after the Husbands death
The Deed I agree was the Deed of both during Coverture but lost its force when that was determined, unless she had done some Act in her Widowhood to Confirm it
Baron and Feme Acknowledge a Deed to be Inrolled, this does not bind the Feme because she is not Examined by Writ. 10. Co. 43. Such Deed shall be Inrolled only for the Husband, but tho’ inrolled for both it bindeth not, 1. Inst. 673.
So if Baron and Feme make a Lease of the Wifes Land rend’g Rent, it is good, during Coverture, but may be avoided by her after the Death of her Husband Cro. Ja. 417. Smallman and Agboran, but if she receives the Rent she confirms it Cro. Ja. 563. Or if her Second Husband before her entrey accepts the Rent the Lease is Confirmed Dyer 3 59.
But it will be Objected, that the Will including both Lands and Negroes the words will pass an Estate Tail in the Land and therefore the Absolute property in the Negroes must pass Answer The Intent of the Tes’tor. as well as the words give her Expressly no more than for Life See the Will makes a different Provision as to_ the Lands and Negroes
The word Heirs here shall be a word of Purchase and not of Limitation. Loddington & Kerne 1. Salk. 224. S. C. they are a good Description of the Person intended to take Newman vs Barkham 1 Vern. 729. [219] Barradell gave up all the points, but insisted the use vested in the first Husband And
Tayloe& Lightfoot were of that Opinion
Blair, Byrd, Custis, Randolph & Lee Contra.
So Judgment was given for the Defendant